IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>TRUDIE DIANE LEMON,<br><br>            Defendant. | **4:14CR3067**<br><br>DETENTION ORDER PENDING TRIAL |

      After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), the court concluded the defendant could be released subject to condition provided the urine drug test conducted immediately following the hearing confirmed that she was not using illegal drugs. Contrary to the defendant's assertion, the drug test was positive.

      Accordingly,

      1)      The court's order setting conditions of release, (Filing No. 12), is revoked.

      2)      The court finds the defendant must be detained pending trial as follows:

      There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison. The defendant has not rebutted this presumption.

      Specifically, the court finds that the defendant has a criminal record which indicates a propensity to violate the law; has a propensity to harm or threaten harm to others; has a substance abuse addiction or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released; was dishonest with the court, pretrial services, and her counsel when describing her recent drug use; and no conditions or combination of conditions are currently available which will sufficiently ameliorate the risks posed if the defendant is released.

Directions Regarding Detention

      The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

May 27, 2014.                                        BY THE COURT:
                                                                   *s/ Cheryl R. Zwart*
                                                                   United States Magistrate Judge